**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **DAVID C. BOYLE,** | : | **Case No. 3:26-cv-291** |
| | : | |
| **Plaintiff,** | : | |
| | : | **Judge Michael J. Newman** |
| **vs.** | : | **Magistrate Judge S. Courter M. Shimeall** |
| | : | |
| **JUDGE STEPHEN A. WOLAVER, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Plaintiff David C. Boyle has filed a pro se civil rights Complaint against Defendants Judge Stephen A. Wolaver, Judge Adolfo Tornichio, Judge Michael A. Buckwalter, Assistant Prosecutor Megan A. Hammond, and Prosecutor David D. Hayes. (ECF No. 5, PageID ## 58–63). Plaintiff's allegations arise from alleged constitutional violations in connection with Defendants upholding Plaintiff's guilty plea and conviction in a Greene County (Ohio) criminal case, No. 2013-CR-0042. (*Id.* at PageID ## 62–63); *see* Greene County Ohio Website, Case Search for "Boyle, David C.," https://courts.greenecountyohio.gov/eservices/ (reflecting docket information for Case No. 2013-CR-0042) (last visited Sept. 28, 2026).[1] By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 4).

This matter is currently before the Court for a sua sponte review of the Complaint to determine whether the Complaint or any portion of it should be dismissed because it is frivolous,

[1] This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); *id.* § 805, 28 U.S.C. § 1915A(b).

## I. SCREENING STANDARD

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, 28 U.S.C. § 1915(e) requires sua sponte dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b) (providing grounds for dismissal upon initial screening).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to a review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Although this pleading standard does not require "detailed factual allegations," it does require more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

A plaintiff's allegations are "accepted as true." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). But a court need not accept factual allegations that are "fantastic or delusional." *Hill*, 630 F.3d at 471 (quoting *Neitzke*, 490 U.S. at 327–28). Further, pro se complaints are held to "less stringent standards" than a formal pleading drafted by a lawyer. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). A pro se plaintiff's pleadings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). This "lenient treatment has limits," however, because "courts should not have to guess at the nature of the claim asserted." *Frengler v. G.M.*, 482 F. App'x 975, 977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)) (additional citations omitted).

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff first alleges that Defendants "denied Plaintiff meaningful access to the Court." (Complaint, ECF No. 5, PageID # 62). He alleges that Defendants have "ignored, abused, and upheld an improper conviction," even though the Fifth Amendment to the United States Constitution "declares no person be subject (for the same offense)." (*Id.*).

Plaintiff next alleges that he has tried challenging his conviction in the past because it is "contrary to the law in various ways." (*Id.*). He further alleges that Defendants conspired against him to violate his rights by "maliciously uphold[ing] a corrupt conviction" for their personal protection. (*Id.* at PageID ## 62-63).

Plaintiff also alleges that he is entitled to relief because his guilty plea is invalid under the Fourteenth Amendment. (*Id.* at PageID # 63). Plaintiff seeks review of his criminal conviction, which he alleges is problematic—regardless of his guilty plea—because Defendants have violated his rights under the Fourteenth, Fifth, and Eighth Amendments, and under state and local rules. (*Id.*).

Plaintiff seeks monetary, injunctive, and declaratory relief. (*Id.*).

## III. ANALYSIS

The Undersigned understands Plaintiff to be raising the following claims:

1. Fifth, Eighth, and Fourteenth Amendment claims against all Defendants for upholding Plaintiff's alleged invalid guilty plea and conviction.

2. First Amendment access-to-the-courts claims against all Defendants for allegedly denying him meaningful access to the courts.

3. Conspiracy claims against all Defendants for allegedly conspiring together to deprive Plaintiff of his constitutional rights through malicious prosecution and by upholding his conviction for their own protection.

Upon initial screening, however, the Undersigned determines that Plaintiff fails to state a plausible claim for relief actionable under 42 U.S.C. § 1983, and therefore **RECOMMENDS** that Plaintiff's Complaint (ECF No. 5) be **DISMISSED** in its entirety as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

The violations Plaintiff alleges stem from criminal proceedings, and they appear to challenge the constitutionality of his guilty plea and conviction. (*See generally* Complaint, ECF No. 5). A challenge in federal court about the validity of a state criminal conviction and sentence must be raised in a petition for a writ of habeas corpus. *Hill v. McDonough*, 547 U.S. 573, 579–80 (2006) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). *Heck* applies to claims for damages, and the rule extends to complaints seeking declaratory and injunctive relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief) . . . —*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Plaintiff asserts that he may bring his claims in a civil rights action. (Complaint, ECF No. 5, PageID ## 62–63). But Plaintiff directly challenges his conviction and sentence when he alleges errors or constitutional violations that occurred in the criminal proceedings against him.[2]

[2] Plaintiff is currently incarcerated, serving an aggregate sentence of 40 years, effective as of August 16, 2013. *See* Ohio Dept. of Rehabilitation & Corrs., Offender Search for "David Boyle", https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A687887 (listing multiple counts charged

For example, his claims alleging prosecutorial misconduct, if successful, would necessarily imply the invalidity of his convictions or sentences. *See Morris v. Huffman*, No. 3:22-cv-278, 2022 U.S. Dist. LEXIS 232923, at *9 (S.D. Ohio Dec. 28, 2022), *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 13976 (S.D. Ohio Jan. 26, 2023) (explaining that a judgment in the plaintiff's favor on his claims of prosecutorial misconduct and ineffective assistance of counsel would imply the invalidity of his conviction). Plaintiff alleges that Defendants were "malicious" in his prosecution and were conspiring together to uphold a corrupt conviction. (*Id.*). But, as pled, Plaintiff's claims are directly tied to his guilty plea and conviction. (*See* ECF No. 5, PageID ## 62–63). Thus, to proceed in a § 1983 action, Plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87; *see Lanier v. Bryant*, 332 F.3d 999, 1005 (6th Cir. 2003).

Plaintiff has made no such showing. Plaintiff has sought habeas corpus relief in this Court, but his Petition was dismissed as time barred. *Boyle v. Warden*, No. 3:19-cv-312, 2019 WL 5265316, at *3 (S.D. Ohio Oct. 17, 2019), *report and recommendation adopted*, 2020 WL 209086 (S.D. Ohio Jan. 14, 2020) (finding that the time to file a federal habeas petition expired on May 13, 2015, over four years before Plaintiff filed his Petition). Plaintiff has also challenged his conviction in state court—although it appears that his challenges were unsuccessful and he fails to indicate otherwise. (*See generally* ECF No. 5); *see* Greene County Ohio Website, Case Search for "Boyle, David C.," https://courts.greenecountyohio.gov/eservices/ (reflecting docket information

---

in Greene County, Ohio; Docket No. 2013-CR-042) (last visited Sept. 28, 2026).

for Case No. 2013-CR-0042) (last visited Sept. 28, 2026). In short, Plaintiff's claims are barred by *Heck*.

Additionally, because Plaintiff's conviction and sentence have not been invalidated, he is unable to argue that his allegations give rise to a § 1983 claim of malicious prosecution. As the Supreme Court pointed out in *Heck*, "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." 512 U.S. at 484; *Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010) ("To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove [that] . . . the criminal proceeding [was] resolved in the plaintiff's favor."). Again, Plaintiff has failed to demonstrate a favorable outcome in challenging his guilty plea and conviction, meaning relief for malicious prosecution under § 1983 is unwarranted here.

If Plaintiff seeks to challenge his state court conviction, the proper remedy is through a petition for a writ of habeas corpus, not through a collateral challenge of his conviction in a § 1983 action in federal court. *Heck*, 512 U.S. at 487. A judgment in Plaintiff's favor in this civil rights action for claims stemming from his state court proceedings would imply that his guilty plea and conviction are invalid. *See id.* And Plaintiff has not shown that his sentence has been invalidated by a federal or state court, or by another appropriate tribunal. Claims regarding defendants conspiring in malicious prosecution, upholding a corrupt conviction, and permitting an invalid guilty plea should be raised in habeas because these claims necessarily implicate the validity of his conviction and sentence. Plaintiff cannot challenge these issues in a § 1983 action because he cannot show that his conviction or sentence has been invalidated. *See Heck*, 512 U.S. at 486–87.

In sum, Plaintiff's allegations challenge the validity of his conviction and are therefore barred from consideration. Accordingly, Plaintiff's Complaint should be **DISMISSED**.

The Court notes that Plaintiff's claims against these Defendants are also likely barred as a matter of law due to judicial and prosecutorial immunity. But, given that Plaintiff's claims are subject to dismissal under *Heck*, the Undersigned will not address those issues in the interest of judicial economy.

## IV. CONCLUSION

Because Plaintiff's claims sound in habeas and are barred by *Heck*, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (ECF No. 5) be **DISMISSED** in its entirety. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); *Heck v. Humphrey*, 512 U.S. 477 (1994).

The Undersigned further **RECOMMENDS** certifying that any appeal of this Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997).

Plaintiff may file objections to this Report and Recommendations in accordance with the attached Notice Regarding Objections.

**IT IS SO RECOMMENDED.**

**Date: October 5, 2026**

*s/ S. Courter M. Shimeall*
**S. Courter M. Shimeall**
**United States Magistrate Judge**

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).